IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**GABRIELLE MADDALENA**
626 East Johnson Street, Apt. 304
Madison, WI 53703

  Plaintiff,

 v.

Case No.: 14-cv-681

**FACILITY GATEWAY CORPORATION**
c/o Tyler Marks
Registered Agent for Service
4920 Triangle Street
McFarland, WI 53558

  Defendant.

## COMPLAINT

  The Plaintiff, Gabrielle Maddalena, by her attorneys, Hawks Quindel, S.C., David C. Zoeller and Caitlin M. Madden, brings this Complaint against Defendant, Facility Gateway Corporation. Maddalena was employed by the Defendant from March 18, 2013 until March 28, 2014 as an inside sales employee. During her employment, she was paid a fixed salary and received commissions for her sales. Under her agreement with Defendant, she was entitled to commissions on sales. At the time of Maddalena's termination, Defendant owed her $15,232.30 in unpaid commissions. In addition, Maddalena was paid a fixed base salary plus commissions for the entirety of her employment, regardless of the number of hours she worked.

1

Defendant regularly suffered and permitted Maddalena to work over forty (40) hours per week without compensating her overtime wages.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that the Plaintiff's claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a business in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3. Plaintiff, Gabrielle Maddalena ("Maddalena"), is an adult resident of the state of Wisconsin, residing at 626 East Johnson Street, Madison, Wisconsin. Maddalena's signed consent form is filed as Exhibit A to this Complaint.

4. Defendant, Facility Gateway Corporation, is a domestic business located at 4920 Triangle Street, McFarland, Wisconsin.

## ALLEGATIONS

5. During some or all of the three years preceding the filing of this Complaint, Defendant employed Maddalena at Facility Gateway Corporation as an inside sales employee. Her primary duty was to sell service contracts for

preventative maintenance and worked from the Facility Gateway Corporation office.

6. Maddalena was compensated with a base salary of $45,000 and was also paid commissions on sales.

7. During some of the three years preceding the filing of this Complaint, Defendant suffered and permitted Maddalena to work more than forty (40) hours per week but failed to pay her overtime compensation.

8. On March 28, 2014, Maddalena was terminated. On this date, she met with Human Resources Manager, Bernadette Stoudt, and Director of Contract Sales, Matt Hess.

9. During the March 28, 2014 meeting, Hess told Maddalena that she would be paid commissions on sales that had been completed and billed prior to her departure.

10. When Maddalena did not receive her commission check in May of 2014, she contacted Jill Hayward, in Accounting at Facility Gateway Corporation, who responded that Maddalena would not be paid any more commissions.

11. Mark Pahs, Director of Sales, informed Maddalena via email on July 3, 2014 that she would be paid commissions on jobs "completed and billed prior to [her] departure."

12. On July 9, 2014, Mark Pahs sent Maddalena an "Employment Settlement Agreement and Release of Claims," which stated Maddalena would

3

receive $2,053.36 worth of commissions in exchange for the release of her claims. Maddalena did not sign this Agreement.

## FIRST CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

13. Paragraphs 1-13 of this Complaint are re-alleged as though set forth here in full.

14. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

15. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d), and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. At all relevant times, Maddalena was an employee of Defendant as defined by 29 U.S.C. § 203(e).

17. During her employment with Defendant, and within the applicable statute of limitations, Maddalena was paid a fixed salary of $45,000 per year and commissions, without regard to the number of hours that she worked.

18. During her employment with Defendant, and within the applicable statute of limitations, there were weeks when Maddalena was suffered and permitted to work in excess of forty (40) hours per week without overtime compensation.

19. At no time during the applicable statutory period was Maddalena exempt from overtime pay under any of the FLSA exemptions.

20. Defendant's practices violate the provisions of the FLSA, including but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Maddalena has suffered a wage loss.

21. Defendant knew or showed reckless disregard for the fact that they failed to pay Maddalena overtime wages in violation of the FLSA.

## SECOND CAUSE OF ACTION:
## FAILURE TO PAY REGULAR WAGES IN VIOLATION OF WISCONSIN LAW

22. Paragraphs 1-22 of this Complaint are re-alleged as though set forth here in full.

23. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code DWD § 272.03.

24. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. § 103.01(6) and Wis. Stat. § 109.01(2).

25. At all relevant times, Maddalena was an employee of Defendant within the meaning of Wis. Stat. § 103.01(5) and Wis. Stat. § 109.01(1r).

26. Wis. Stat. § 103.03 and Wis. Admin. Code. DWD § 274.03 require an employer to pay employees overtime wages for all hours worked over forty (40) per week.

27. Wis. Stat. § 109.03 requires employers to pay all wages earned by an employee within 31 days of the date the wages were earned.

28. Wis. Stat. § 109.01(3) defines wages as including commissions and overtime pay.

29. During her employment with Defendant, and within the applicable statute of limitations, Maddalena was regularly suffered and permitted to work in excess of forty (40) hours per week without overtime compensation.

30. Defendant has failed to pay Maddalena commissions which have been earned and are due.

31. As a result of Defendant's willful failure to pay commissions and overtime wages to Maddalena, Defendant has violated Wis. Stat. §§ 103.03, 109.03 and Wis. Admin. Code DWD § 272.03.

32. Maddalena seeks recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

33. Maddalena seeks damages in the amount of unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 109.03, and Wis. Admin. Code DWD § 272.03 and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT

34. Paragraphs 1-34 of this Complaint are re-alleged as though set forth here in full.

35. Defendant made an offer to Maddalena on March 28, 2014 to pay her for all earned commissions. Maddalena accepted this offer.

36. Despite the parties' contract, Defendant failed to pay Maddalena her earned commissions starting in May 2014.

37. On July 3, 2014, Defendant again offered to Maddalena that she would be paid her commissions on all jobs completed and billed prior to her departure. Maddalena accepted this offer.

38. Despite the parties' contract, Defendant failed to compensate Maddalena her commissions on jobs completed and billed prior to her departure.

39. As a direct and proximate result of Defendant's breach through its agents, servants, and/or employees, and as a corporate entity, as alleged, Maddalena suffered compensable injuries, all to her damage in an amount to be determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendant, awarding her:

A. The overtime compensation owed to the Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. The overtime and regular wage compensation owed to the Plaintiff under Wis. Stat. §§ 103.03 and 109.03 for the two-year time period prior to the commencement of this action;

C. Liquidated damages in an amount equal to the amount awarded to her as overtime and minimum wage compensation as provided in 29 U.S.C. § 216(b);

D. Penalties due under Wis. Stat. § 109.11;

E. Satisfaction of the commissions contract entered into by the parties;

F.　All attorney's fees incurred by Plaintiff in prosecuting this action, and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and,

G.　Such other legal and equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the Fair Labor Standards Act.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: October 7, 2014.

                **HAWKS QUINDEL, S.C.**
                *Attorneys for the Plaintiff*

            By:　*/s/ David C. Zoeller*
                David C. Zoeller, State Bar No. 1052017
                Email: dzoeller@hq-law.com
                Caitlin M. Madden, State Bar No. 1089238
                Email: cmadden@hq-law.com
                222 West Washington Avenue, Suite 450
                Post Office Box 2155
                Madison, Wisconsin 53701-2155
                Telephone: 608/257-0040
                Facsimile: 608/256-0236