IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIELLE MADDALENA,

    Plaintiff,

v().                                                             Case No. 14-CV-681

FACILITY GATEWAY CORPORATION,

    Defendant.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

As its answer and affirmative defenses to Plaintiff's Complaint, Defendant Facility Gateway Corporation, by its attorneys, Melli Law, S.C., responds and alleges as follows:

**RESPONSE TO PLAINTIFF'S PRELIMINARY STATEMENT**

Responding to the first sentence of Plaintiff's Preliminary Statement, admit that Plaintiff, by her attorneys, brought this action against Defendant. Responding to the second sentence of Plaintiff's Preliminary Statement, admit only that Plaintiff was employed by Defendant from March 18, 2013 to March 28, 2014 as a Critical Facility Management Sales Manager, but deny the remaining allegations. Responding to the third sentence of Plaintiff's Preliminary Statement, admit. Responding to the fourth sentence of Plaintiff's Preliminary Statement, admit only that Plaintiff was entitled to commissions on sales once certain requirements were met, but further state the phrase "[u]nder her agreement with Defendant" is vague and ambiguous and, therefore, deny the remainder of the fourth sentence. Responding to the fifth sentence of Plaintiff's Preliminary Statement, deny. Responding to the sixth sentence of Plaintiff's Preliminary Statement, admit. Responding to the seventh sentence of Plaintiff's Preliminary Statement, deny.

## ANSWER

1. Answering paragraph 1, admit.

2. Answering paragraph 2, admit that venue is proper in the Western District, that Defendant operates a business in this district and that Plaintiff alleges the occurrence of events or omissions giving rise to her claims occurred in this district, but deny the occurrence of any of the alleged events or omissions Plaintiff asserts give rise to her claims.

3. Answering paragraph 3, admit on information and belief.

4. Answering paragraph 4, admit, except clarify Defendant's business location recently moved to 4916 East Broadway, Madison, Wisconsin.

5. Answering paragraph 5: As to the first sentence, admit only that Defendant employed Plaintiff as a Critical Facility Management Sales Manager from March 18, 2013 to March 28, 2014, but deny the remaining allegations. As to the second sentence, admit that Plaintiff worked from Defendant's office and that her duties included selling service contracts for preventative maintenance, but deny the remaining allegations.

6. Answering paragraph 6, admit.

7. Answering paragraph 7, deny that Plaintiff worked more than forty (40) hours per week or that she was entitled to overtime compensation and, therefore, deny the allegations in their entirety.

8. Answering paragraph 8, admit.

9. Answering paragraph 9, admit only that Matt Hess told Plaintiff she would be paid commissions on completed sales for which the work under the contract was performed and billed prior to her termination, and deny any further or inconsistent allegations.

10. Answering paragraph 10, admit only that Plaintiff did not receive a commission check in May 2014, that Plaintiff contacted Jill Hayward in the accounting department at Facility Gateway Corporation and that Ms. Hayward told Plaintiff she would not be paid any more commissions because Plaintiff had already been paid all commissions to which she was entitled, but deny that Plaintiff was entitled to receive a commission check in May 2014 and affirmatively allege that Plaintiff was previously paid all commissions to which she was entitled.

11. Answering paragraph 11, admit only that the referenced email stated in part that "FGS is offering to pay you on jobs completed and billed prior to your departure," but deny any remaining allegations.

12. Answering paragraph 12, admit, but clarify that the offer was a settlement offer to pay Plaintiff amounts to which she is not entitled in exchange for a release of claims.

13. Answering paragraph 13, reallege and incorporate by reference the responses to Plaintiff's Preliminary Statement and paragraphs 1 through 12 above.

14. Answering paragraph 14, admit only that the FLSA requires employers to pay overtime in certain circumstances to non-exempt employees, but deny that Plaintiff is entitled to overtime pay and deny any remaining allegations.

15. Answering paragraph 15, admit.

16. Answering paragraph 16, admit.

17. Answering paragraph 17, admit.

18. Answering paragraph 18, deny that Plaintiff worked more than forty (40) hours per week or that she was entitled to overtime compensation and, therefore, deny the allegations in their entirety.

19. Answering paragraph 19, deny.

20. Answering paragraph 20, deny.

21. Answering paragraph 21, deny.

22. Answering paragraph 22, reallege and incorporate by reference the responses to Plaintiff's Preliminary Statement and paragraphs 1 through 21 above.

23. Answering paragraph 23, deny.

24. Answering paragraph 24, admit only that Defendant has been and continues to be an "employer" within the meaning of Wis. Stat. § 109.01(2), but deny that Wis. Stat. § 103.01(6) exists or defines an "employer" and, therefore, deny the remaining allegations.

25. Answering paragraph 25, deny that Wis. Stat. § 103.01(5) exists or defines an "employee" and deny that Plaintiff was an "employee" within the meaning of Wis. Stat. § 109.01(1r) and, therefore, deny the allegations in their entirety.

26. Answering paragraph 26, admit only that the referenced provisions require employers to pay overtime in certain circumstances to non-exempt employees, but deny that Plaintiff is entitled to overtime pay.

27. Answering paragraph 27, admit only that the allegations accurately state the requirements of Wis. Stat. § 109.03, but deny that Plaintiff was an employee covered by Wis. Stat. Chapter 109, deny that Plaintiff was entitled to overtime pay, and deny that Plaintiff was not timely paid any wages she may have earned.

28. Answering paragraph 28, admit only that the allegations accurately state the substance of Wis. Stat. § 109.01(3), but deny that Plaintiff was an employee covered by Wis. Stat. Chapter 109, deny that Plaintiff was entitled to overtime pay, and deny that Plaintiff was not timely paid any wages she may have earned.

29. Answering paragraph 29, deny that Plaintiff worked more than forty (40) hours per week or that she was entitled to overtime compensation and, therefore, deny the allegations in their entirety.

30. Answering paragraph 30, deny.

31. Answering paragraph 31, deny.

32. Answering paragraph 32, admit only that Plaintiff is seeking the recovery of attorney's fees, costs and expenses of this action, but deny that Plaintiff is entitled to recover any such amounts.

33. Answering paragraph 33, admit only that Plaintiff is seeking the recovery of the damages and penalties alleged, but deny that Plaintiff is entitled to recover any such amounts.

34. Answering paragraph 34, reallege and incorporate by reference the responses to Plaintiff's Preliminary Statement and paragraphs 1 through 33 above.

35. Answering paragraph 35, admit only that on March 28, 2014 Defendant offered to pay Plaintiff commissions on completed sales for which the work under the contract was performed and billed prior to her termination and for which the customer paid, admit that Plaintiff accepted Defendant's offer, and deny any further or inconsistent allegations.

36. Answering paragraph 36, deny and affirmatively allege that Plaintiff has been paid all commissions to which she is entitled.

37. Answering paragraph 37, admit only that on July 3, 2014 Defendant again offered to pay Plaintiff commissions on contracts for which the work under the contract was completed and billed prior to her termination, admit that Plaintiff had previously accepted Defendant's offer to that effect, and deny any further or inconsistent allegations.

38. Answering paragraph 38, deny and affirmatively allege that Plaintiff has been paid all commissions to which she is entitled.

39. Answering paragraph 39, deny.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Complaint, Defendant alleges and states as follows:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted, as more fully set forth in each of the additional affirmative defenses raised below.

2. Plaintiff is exempt from the overtime pay requirements of the FLSA based on the administrative employee exemption, 29 U.S.C. § 213(a)(1).

3. Plaintiff is exempt from the overtime pay requirements of the Wis. Stat. § 103.03 based on the administrative employee exemption, Wis. Admin. Code DWD § 274.04.

4. Defendant at all times acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, and interpretations of the Secretary of Labor, and Defendants at all times acted in good faith and with reasonable grounds for believing that their actions were not in violation of the FLSA or state law, such that liquidated damages or other penalties should not be awarded.

5. Plaintiff's Complaint fails to plead facts with sufficient particularity to support an award of liquidated damages under the FLSA.

6. Plaintiff was paid a fixed salary and commissions that compensated her for all hours she may have worked in a workweek.

7. As a person employed in a commissioned sales capacity, Plaintiff is not an "employee" within the meaning of Wis. Stat. § 109.01(1r) and, therefore, cannot state any claims under, and is not entitled to any relief provided by, Wis. Stat. Chapter 109.

8. Any contract Plaintiff is alleging for the payment of commissions beyond those she has already been paid was not supported by adequate consideration.

9. There was no meeting of the minds sufficient to support any contract Plaintiff is alleging for the payment of any commissions beyond those she has already been paid.

10. Defendant reserves the right to assert other and additional defenses as additional facts become known through discovery and/or trial preparation.

WHEREFORE, Defendant requests the Complaint be dismissed in its entirety with prejudice, and that Defendant be awarded its costs, fees and such other and further relief as the Court considers appropriate.

Dated this 10th day of November, 2014.

/s/ Devon R. Baumbach
Devon R. Baumbach, WI Bar No. 1023009
drb@mellilaw.com
Melli Law, S.C.
Ten East Doty Street, Suite 900
P.O. Box 1664
Madison, WI  53701-1664
Tel:  (608) 257-4812 (Main)
Tel:  (608) 310-3602 (Direct)
Fax:  (608) 258-7470

Attorneys for Defendant Facility Gateway Corporation